UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PALMERO, M.D., et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-01742 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff Charlie Rodriguez ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 7, 2014.[1] He names Palmero, M.D., as Defendant.

**A.　SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] Plaintiff consented to the jurisdiction of the Magistrate Judge on December 8, 2014.

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.   SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at California Correctional Institution in Tehachapi, California. He was incarcerated at Kern Valley State Prison when the events giving rise to this action took place.

Plaintiff alleges the following. On June 4, 2012, Plaintiff submitted a medical 7362 form complaining of severe right shoulder pain. On June 10, 2012, Plaintiff had x-rays done on his right shoulder. On June 11, 2012, Plaintiff was seen by Defendant Palmero who read his x-rays and concluded nothing was wrong, and everything was fine. Plaintiff tried to explain that the x-rays

2

showed significant damage to the shoulder. Defendant Palmero advised Plaintiff that if he was dissatisfied with the decision then Plaintiff could file a 602 grievance.

On September 11, 2012, Plaintiff commenced the grievance process. On July 15, 2013, Plaintiff exhausted his administrative remedies.

Plaintiff claims Defendant Palmero was deliberately indifferent to Plaintiff's serious medical need in violation of the Eighth Amendment. Plaintiff requests compensatory and punitive damages, and attorney fees and costs.

## C.    DISCUSSION

### 1.    Eighth Amendment – Deliberate Indifference to Medical Need

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires the plaintiff to show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted). Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference. Id. (citation and quotation marks omitted). Deliberate indifference may be manifested when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Id. (citation and quotations omitted). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Plaintiff's allegations do not support a claim for violation of the Eighth Amendment. Plaintiff states that Defendant knows of Plaintiff's "Partial Tear of Distal Supraspinatus Tendon and

3

Degenerative Changes in his Right Shoulder." (Pl.'s Compl. at 9-10.)  Plaintiff states that Defendant has prescribed numerous medications for his pain but they have been ineffective.  Plaintiff also states he has been prescribed a full round of physical therapy which has also been ineffective.  Plaintiff states he has requested surgery but Defendant Palmero has rejected his request.

Plaintiff's memorandum and attached exhibits which Plaintiff refers to demonstrate that he was consistently treated and prescribed medication.  (Pl.'s Compl., Ex. A.)  The exhibits show that Plaintiff had x-rays of his right shoulder which were reviewed by Defendant on August 23, 2012.  (Pl.'s Compl., Ex. A.)  Defendant referred Plaintiff to physical therapy and stated an MRI would be considered after physical therapy.  (Pl.'s Compl., Ex. A.)  On October 4, 2012, Defendant changed Plaintiff's medication and recommended an MRI.  (Pl.'s Compl., Ex. A.)  An MRI was completed on October 11, 2012.  (Pl.'s Compl., Ex. A.)  On October 25, 2012, Plaintiff was given the results of the MRI which showed a partial tear of the distal supraspinatus tendon and degenerative changes.  (Pl.'s Compl., Ex. A.)  As a result, Defendant prescribed a new pain medication.  (Pl.'s Compl., Ex. A.)

Plaintiff fails to allege facts sufficient to show that Defendant knew of and disregarded a substantial risk of harm to Plaintiff's objectively serious medical needs.  Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994).  Here, the facts alleged in the complaint show Plaintiff was consistently treated by Defendant.  Plaintiff is dissatisfied with his treatment because he believes, contrary to Defendant's opinion, that surgery should be performed on his right shoulder.  "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [section] 1983 claim."  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted); accord Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012).  To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted); accord Snow, 681 F.3d at 987-88.

Accordingly, the Court finds that Plaintiff fails to state a claim for violation of the Eighth Amendment.  Plaintiff will be provided an opportunity to file an amended complaint to present a

4

cognizable claim.

### D. CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **September 8, 2015**   /s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE