# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE RODRIGUEZ, | Case No. 1:14-cv-01742 BAM PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT AND GRANTING PLAINTIFF LEAVE TO AMEND |
| v. | |
| PALMERO, M.D., et al., | THIRTY DAY DEADLINE |
| Defendants. | |

Plaintiff Charlie Rodriguez ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. After dismissal of his initial complaint alleging deliberate indifference to medical needs, Plaintiff filed a First Amended Complaint on December 21, 2015. (Doc. 13).[1] He names Palmero, M.D., as Defendant. Plaintiff's first amended complaint is currently before the Court for screening. (Doc. 13).

**A.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

---

[1] Plaintiff consented to the jurisdiction of the Magistrate Judge on December 8, 2014. (Doc. 7).

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

This action proceeds on Plaintiff's First Amended Complaint. (Doc. 13). Plaintiff is currently incarcerated at California Correctional Institution in Tehachapi, California. He was incarcerated at Kern Valley State Prison when the events giving rise to this action took place.

Plaintiff alleges the following. On June 4, 2012, Plaintiff submitted a medical 7362 form complaining of severe right shoulder pain. On June 10, 2012, Plaintiff had x-rays done on his right

shoulder. On August 23, 2012, Plaintiff was seen by Defendant Palmero who read his x-rays and "concluded nothing was wrong, and everything was fine." FAC ¶ 6.

On October 25, 2012, Plaintiff was again seen by Dr. Palmero who stated that Plaintiff had a small tear and signs of over usage on his right shoulder. FAC ¶ 7. Dr. Palemero stated that Plaintiff's shoulder injury could not be fixed without surgery, but he refused to recommend surgery due to budget restraints. FAC ¶ 7. Instead, Dr. Palmero prescribed anti-inflammatory medication and discussed physical therapy. FAC ¶¶ 7, 9.

Plaintiff attended physical therapy but continued to experience pain. On February 26, 2013, Plaintiff's physical therapy was discontinued. Plaintiff was later prescribed ibuprofen, and his requests for stronger medication were denied. Plaintiff claims Dr. Palmero was deliberately indifferent to Plaintiff's serious medical need in violation of the Eighth Amendment. Specifically, that Dr. Palmero failed to perform a CT analysis or shoulder surgery. Plaintiff claims that Dr. Palmero's failure to adequately treat his shoulder injury was intentional. For his eighth amendment claim, Plaintiff requests damages, attorney fees, and costs.

### C. DISCUSSION

#### 1. Eighth Amendment – Deliberate Indifference to Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d

3

at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)) overruled in part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 1122-23(citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332)(internal quotation marks omitted).

In the September 8, 2015 order dismissing the original complaint, the Court noted that Plaintiff had failed to allege facts sufficient to state a claim for relief. Plaintiff was specifically advised that mere disagreement with medical opinions is insufficient to give rise to a constitutional violation, and his allegations and exhibits did not support a reasonable inference that Defendant acted with deliberate indifference to his complaints of pain. Indeed, it was noted that the exhibits demonstrated that Plaintiff was "consistently treated and prescribed medication." (Doc. 8 at 4). Plaintiff had x-rays of his right shoulder which were reviewed by Defendant on August 23, 2012. Defendant further referred Plaintiff to physical therapy and later recommended an MRI; he was given pain medications; he was consistently treated by doctors and he was given various accommodations and forms of assistance. (Pl.'s Compl., Ex. A.)

Plaintiff's amended complaint, filed on December 21, 2015, fails to cure the defects identified by the Court in the order dismissing the original amended complaint. Plaintiff's central claim is that he was denied surgery, additional diagnostic testing, and stronger pain medication for his shoulder pain as requested by Plaintiff. These allegations, however, do not indicate that Defendant failed to address Plaintiff's medical concerns. As noted above, a disagreement over the course of Plaintiff's treatment does not constitute deliberate indifference within the meaning of the Eighth Amendment.

To state a claim in this instance, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course

in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). Plaintiff's own exhibits indicate that based on the evaluations conducted by Dr. Palmero, Plaintiff was offered and provided physical therapy. Dr. Palmero also ordered x-rays and an MRI of Plaintiff's injured shoulder. Dr. Palmero further continues to prescribe pain medication, and Plaintiff is routinely referred to his primary care physician as needed. Based on these facts, Plaintiff has not alleged any facts to state a plausible claim that Dr. Palmero chose a medically unacceptable course of treatment in conscious disregard to a risk to Plaintiff.

Plaintiff has further not shown that Dr. Palmero purposely acted with indifference or indifferently failed to respond to a medical need, with harm caused by the indifference. While Plaintiff alleges that Dr. Palmero intentionally refused surgery due to budget restraints, Plaintiff has not alleged any facts suggesting that surgery is medically necessary. Instead, Plaintiff alleges that Defendant has made repeated efforts at prescribing different medications and adjusting Plaintiff's treatment plan. Plaintiff does not suggest this treatment was done in conscious disregard of his pain and with knowledge that those efforts would not succeed. Aside from the fact that Plaintiff himself wanted different treatment, Plaintiff has not alleged any facts suggesting the treatment that Defendant prescribed was medically unacceptable. That Plaintiff believes that he should receive further testing and different treatment does not constitute deliberate indifference.

While there is no doubt that the failure to provide treatment because of a tight budget can amount to deliberate indifference, Plaintiff must allege facts supporting the conclusion that Defendant prevented Plaintiff from receiving treatment that was medically acceptable under the circumstances. *See Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986) (denial of treatment due solely to budget constraints evidences deliberate indifference); *see also Cole v. Cate*, 2012 U.S. Dist. LEXIS 8595 (N.D. Cal. Jan. 24, 2012) (where budget restraints partially motivated Defendant's actions, Plaintiff failed to demonstrate that they ultimately prevented Plaintiff from receiving medically acceptable treatment). Plaintiff must therefore allege that the treatment chosen was medically unacceptable and in conscious disregard of an excessive risk to the prisoner's health. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); Jackson v. McIntosh, 90 F.3d 330, 332

5

(9th Cir. 1996). Plaintiff makes no such showing here. Plaintiff will be given one additional opportunity to amend. If Plaintiff chooses to do so, he must allege facts demonstrating that the treatment he seeks is medically necessary, that Defendant knowingly denied that medically necessary care for his medical condition or that Defendant knowingly provided care that was medically unacceptable, causing him harm.

### D.   CONCLUSION AND ORDER

For the reasons stated, Plaintiff's first amended complaint fails to state a claim upon which relief may be granted. Despite guidance from the Court in the order dismissing the original complaint, Plaintiff has failed to correct the identified deficiencies. The Court will, however, provide Plaintiff with one final opportunity to correct the deficiencies. The first amended complaint should therefore be dismissed with leave to file a second amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2. Plaintiff's first amended complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

4. **If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and to obey a court order.**

IT IS SO ORDERED.

Dated:   **November 7, 2016**        /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE