# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE RODRIGUEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>PALMERO, M.D., et al.,<br><br>    Defendants. | Case No. 1:14-cv-01742-BAM PC<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 16)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Charlie Rodriguez ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On November 8, 2016, the Court dismissed Plaintiff's first amended complaint with leave to amend. (ECF No. 15.) Plaintiff's second amended complaint, filed on December 9, 2016, is currently before the Court for screening.

**A.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

1

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently housed at the California Correctional Institution in Tehachapi, California. The events in the complaint are alleged to have occurred when Plaintiff was housed at Kern Valley State Prison. Plaintiff names Dr. Palmero as the sole defendant in this action. The crux of Plaintiff's complaint is that he was denied adequate medical care for a partial tear of his supraspinatus tendon and degenerative changes in his right shoulder.

Plaintiff alleges the following. On June 4, 2012, Plaintiff submitted a medical 7362 form complaining of chronic right shoulder pain. On June 14, 2012, Plaintiff had x-rays done on his right

2

shoulder. On August 23, 2012, Plaintiff was seen by Defendant Palmero, who read the x-rays and "concluded that nothing was wrong and everything was fine." (ECF No. 16 at ¶ 6.)

On October 25, 2012, Plaintiff was again seen by Dr. Palmero who stated that Plaintiff had a small tear and signs of over usage on his right shoulder, which was based on an October 2012 MRI. (*Id.* at ¶¶ 8, 9 and pp. 18, 22.) Dr. Palmero stated that Plaintiff's shoulder injury could not be fixed without surgery, but he refused to recommend surgery due to budget shortages. (*Id.* at ¶ 8.) Instead, Dr. Palmero prescribed medication and referred Plaintiff to physical therapy. (*Id.* at ¶¶ 8, 9.) Physical therapy was discontinued due to no improvement. (*Id.* at ¶ 9.)

Plaintiff further alleges as follows:

10. Dated 03-27-2014, Physician Request for Service document shows: that plaintiff needs physical therapy.

11. Dated 06-24-2014, physician Request for [Service] document shows: that cortisone injection is recommend[ed].

12. Dated 07-21-2014, Valley [Orthopedic] Institute document shows: that cortisone injection is recommend[ed].

13. Dated 02-12-2015, Health Care Service Request document shows: that Plaintiff **NEVER** received the above-prescribed cortisone injection.

14. Dated 04-05-2015, Inmate Request for Interview document shows: that Plaintiff **NEVER** received the above prescribed cortisone injection.

15. Dated 04-28-2015, Inmate Request for Interview document shows: that plaintiff **NEVER** received the above prescribed cortisone injection.

16. Dated 05-19-2015, Inmate health Care Appeal [and] Inmate Appeal document(s) show: that Plaintiff **NEVER** received the above prescribed cortisone.

17. Dated 05-22-2015, Physician Request for Service document shows: that Plaintiff was seen by ortho on 07-21-2014 with a recommendation for steroid injection. However, see above # 12 that said document from physician that clearly shows that a cortisone injection is recommend[ed].

18. Dated 06-12-2015, Health Care Service document shows: Plaintiff requesting the above prescribed cortisone injection. However, in complete indifference to numerous documented physician's recommendations, Plaintiff was instead subjected to another set of continuous delays on the pretext that another recommendation was mandated before said injection could be given.

19. Dated 07-20-2015, Health Care Service document shows: Plaintiff [still] requesting the above prescribed injection. However, Plaintiff is subjected to further delays on the same pretext that another recommendation is mandated.

3

20. Dated 07-27-2015, Marshall S. Lewis, M.D., orthopedic surgeon document shows: That said physician would normally recommend cortisone injection, however, [said] physician stated that at present Plaintiff instead needs [now] the surgery. Said physician [further] opined that Plaintiff should is [now] suspected to have degenerated to a total tear.

21. Dated 08-07-2015, Physician Request for Service document shows: physician opined that the 2012 MRI is [t]oo old and Plaintiff's partial tear is [now] suspected to have gotten worse.

22. Dated 10-28-2015, Health Care Service document shows: that on Oct. 21, 2015, three (3) years after MRI [clearly] showed the partial tear in Plaintiff's shoulder, Plaintiff received the [arthroscopy] surgery.

(*Id.* at ¶¶ 10-22.) Plaintiff claims that Defendant Palmero only offered/provided medical care in the best interest of reducing the prison's medical costs and was deliberately indifferent to Plaintiff's serious medical need in violation of the Eighth Amendment. Plaintiff seeks compensatory and punitive damages, along with injunctive relief.

**C.     DISCUSSION**

1.     Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57.

Plaintiff's second amended complaint is short, but fails to set forth the necessary facts to state a claim that is plausible on its face. Conclusory allegations that his rights were violated are not sufficient to state a claim. Mere reference to attached exhibits or other documents also is not sufficient to state a cognizable claim.

2.     Eighth Amendment – Deliberate Indifference to Medical Need

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of

4

"deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett,* 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), *overruled in part on other grounds, Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122- 23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the

defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Despite being provided with multiple opportunities to the cure the deficiencies in his complaint, Plaintiff's second amended complaint again fails to allege a cognizable deliberate indifference claim against Dr. Palmero. In the second amended complaint, Plaintiff complains of Dr. Palmero's delay in reading the June 14, 2012 x-rays. However, Dr. Palmero concluded that the x-rays showed nothing wrong. Plaintiff's mere disagreement with Dr. Palmero's diagnosis following review of the x-rays is not sufficient to state a cognizable deliberate indifference claim. *Sanchez*, 891 F.2d at 242. Even if Dr. Palmero misdiagnosed Plaintiff's condition following review of the x-rays, such an error constitutes, at most, negligence or medical malpractice, neither of which support a deliberate indifference claim under the Eighth Amendment. *Broughton*, 622 F.2d at 460.

Plaintiff also complains that in October 25, 2012, Dr. Palmero stated that Plaintiff's shoulder injury could not be fixed without surgery, but he refused to recommend surgery due to budget shortages, and instead prescribed medication and referred Plaintiff to physical therapy. Although Plaintiff alleges that Dr. Palmero intentionally refused surgery due to budget constraints, Plaintiff has not alleged any facts suggesting that Dr. Palmero's treatment with medication and therapy was done in conscious disregard of Plaintiff's pain or that the prescribed treatment was medically unacceptable under the circumstances. *Snow*, 681 F.3d at 988. Further, Plaintiff's exhibits demonstrate that in July 2014 conservative management of his shoulder was recommended prior to right shoulder arthroscopy. (ECF No. 16 at p. 23.) The exhibits also demonstrate that Plaintiff received treatment for his shoulder, including not only pain medication and physical therapy, but also subsequent evaluations and treatment, additional x-rays and a MRI, referral for an orthopedic specialist and ultimately surgery. (*Id.* at pp. 18-40.)

As to the remainder of Plaintiff's allegations, which include the need for physical therapy and delayed receipt of cortisone injections, Plaintiff has not linked Dr. Palmero to the denial of this treatment. Plaintiff's own exhibits indicate that cortisone injections and other referrals were made by persons other than Dr. Palmero. (*Id.* at pp. 20-22, 23, 30, 31, 38.) Thus, Plaintiff's allegations do not support a deliberate indifference claim by Dr. Palmero related to a referral for physical therapy

6

1 or delay in receiving cortisone injections.

Accordingly, Plaintiff fails to state a cognizable claim for "deliberate indifference" in violation of the Eighth Amendment.

3. <u>Injunctive Relief</u>

Plaintiff seeks injunctive relief. However, Plaintiff is no longer housed at Kern Valley State Prison, where he alleges the incidents at issue occurred, and where Dr. Palmero was employed. Therefore, any injunctive relief that he seeks from officials at Kern Valley State Prison is now moot. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

**D.  CONCLUSION AND ORDER**

Plaintiff's second amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief can be granted. Despite being provided with the relevant standards, Plaintiff has been unable to cure the deficiencies of his complaint after multiple attempts. Therefore, the Court finds that further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

Accordingly, based on the foregoing, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated, the Court HEREBY RECOMMENDS that this action be dismissed based on Plaintiff's failure to state a cognizable claim under section 1983.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings"

on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 17, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE